IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK REGIONAL CENTER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed his Complaint in this matter on November 21, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) Also pending are Plaintiff's Motion for Appointment of Counsel (filing no. 7), Motion for Extension of Time regarding payment of his filing fee (filing no. 8), Motion Regarding Filing Fees (filing no. 9) and Motion to Dismiss (filing no. 10). The court will address Plaintiff's Motion to Dismiss and then conduct an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.    MOTION TO DISMISS

    On January 13, 2012, Plaintiff filed a Motion to Dismiss. (Filing No. 10.) In this Motion, Plaintiff states that the Mental Health Board of Platte County and Carl K. Hart, Jr., had no involvement in this matter and should be dismissed as Defendants. (*Id*.) Plaintiff's Motion to Dismiss is granted and the Mental Health Board of Platte County and Carl K. Hart, Jr., shall be dismissed from this matter.

II.    SUMMARY OF COMPLAINT

    Plaintiff, a "Mexican" American, filed his Complaint on November 21, 2011, against the Norfolk Regional Center ("NRC"), five named individuals and "John

Doe's." (Filing No. 1 at CM/ECF pp. 1-3, 9.) Plaintiff sues the individual Defendants in both their individual and official capacities. (*Id*. at CM/ECF p. 1-3.) Plaintiff is currently confined in the Lincoln Correctional Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on July 18, 2010, while he was housed at the Norfolk Regional Center, a "Caucasian" man named "Henry" elbowed him and spit coffee in his face. (Filing No. 1 at CM/ECF pp. 2-4.) During this altercation, Plaintiff "moved in close" so Henry could not hit him. (*Id*. at CM/ECF p. 4.) After Plaintiff "moved in close" to Henry, NRC staff members knocked Plaintiff down and restrained him. (*Id*.) NRC staff did not restrain Henry. (*Id*.) NRC security guards then took Plaintiff into a room and placed him in five-point restraints. (*Id*.) Plaintiff asked Defendant Stephen O'Neill ("O'Neill") why Henry was not being restrained. (*Id*. at CM/ECF p. 5.) O'Neill replied, because "he has been here longer than you and he is Caucasian." (*Id*.)

After the altercation, Plaintiff remained in five-point restraints for "a few weeks" and was then placed in three-point restraints. (*Id*. at CM/ECF p. 5.) A few days later, Plaintiff asked O'Neill if he could be released from three-point restraints. (*Id*. at CM/ECF p. 6.) O'Neill said "No," and kept Plaintiff in both three-point and five-point restraints for three "months." (*Id*. at CM/ECF pp. 6, 8.) At night, the restraints were so tight that Plaintiff's hands, waist and ankles would go numb. (*Id*. at CM/ECF p. 6.) The restraints bruised Plaintiff's waist and made his wrists turn "bluish purple." (*Id*.) At one point an NRC security guard noticed the bruises and reported them to a registered nurse. (*Id*.) Plaintiff alleges Defendant John Kroll directed NRC staff to place the restraints on him tightly. (*Id*. at CM/ECF pp. 6-7.) Plaintiff seeks monetary damages and other relief as the court "sees fit." (*Id*. at CM/ECF pp. 9-11.)

## III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## IV. DISCUSSION OF CLAIMS

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for

back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues NRC, a state instrumentality, five individual state employees, and unnamed "John Doe's" in both their individual and official capacities. (Filing No. 1 at CM/ECF pp. 1-3.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against state instrumentalities and employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against NRC and the individual Defendants in their official capacities are barred by the Eleventh Amendment. However, the Eleventh Amendment does not bar Plaintiff's equitable relief claims against NRC, his equitable relief claims against the individual Defendants in their official capacities, or his claims against the individual Defendants in their individual capacities.

### B. Fourteenth Amendment - Tightness of Restraints

It is unclear from the Complaint why Plaintiff was housed at NRC. Thus, the court will assume that he was involuntarily committed. As an involuntarily committed individual, Plaintiff's "confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). However, because an involuntarily committed individual is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply. *Id.* at 875. The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 324-25 (1982). Recognizing that Plaintiff's rights may arise under the Fourteenth Amendment, and that Plaintiff is currently incarcerated at the Lincoln Correctional Center, the court will analyze his cruel and unusual punishment

allegations as if he were a prisoner with standing to make an Eighth Amendment claim. *See, e.g., Revels*, 382 F.3d at 874 (analyzing involuntarily committed individual's claim as if he were a prisoner with standing to make an Eighth Amendment claim).

"The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). However, a prisoner asserting a violation of his Eighth Amendment rights must show that a defendant acted with "deliberate indifference." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). This deliberate indifference standard has both "an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

Here, Plaintiff alleges he was kept in both three-point and five-point restraints for three "months." (Filing No. 1 at CM/ECF pp. 6, 8.) At night, the restraints were put on so tight that Plaintiff's hands, waist and ankles would go numb. (*Id*. at CM/ECF p. 6.) The restraints bruised Plaintiff's waist and made his wrists turn "bluish purple." (*Id*.) At one point an NRC security guard noticed the bruises and reported them to a registered nurse. (*Id*.)

Although Plaintiff alleges Defendant John Kroll directed NRC staff to place the restraints on tightly, he does not allege that Defendants continued to place the restraints on tightly after they became aware of the bruising. (*Id*. at CM/ECF pp. 6-7.) Accordingly, Plaintiff has not alleged that Defendants disregarded a substantial risk of serious harm. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint to allege facts sufficient to show that Defendants recklessly

disregarded a substantial risk of serious harm to Plaintiff by keeping him in tight restraints after becoming aware that the restraints were too tight. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Fourteenth Amendment claim related to his restraints will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### C.   *Equal Protection*

The court also liberally construes Plaintiff's Complaint to allege an equal protection claim against Defendants. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a threshold matter, to state an equal protection claim, Plaintiff must establish that he "was treated differently from others similarly situated." *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006).

Here, Plaintiff alleges that Defendants treated him, a "Mexican" American, differently than "Henry," a similarly situated Caucasian. (Filing No. 1 at CM/ECF p. 3.) Specifically, Defendants chose to restrain Plaintiff, but did not restrain Henry. (*Id*.) Liberally construed, this allegation is sufficient to "nudge" Plaintiff's equal protection claim across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## V.     MOTIONS TO APPOINT COUNSEL

Also pending is Plaintiff's Motion for the Appointment of Counsel. (Filing No. 7.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion to Dismiss (filing no. 10) is granted. The Clerk of the court is directed to dismiss the Mental Health Board of Platte County and Carl K. Hart, Jr., shall from this matter.

2.     Plaintiff's Complaint fails to state a Fourteenth Amendment claim related to his restraints upon which relief may be granted.

3.     Plaintiff shall have until **March 12, 2012**, to amend his Complaint and clearly state a Fourteenth Amendment claim related to his restraints upon which relief may be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his Fourteenth Amendment claim related to his restraints will be dismissed for failure to state a claim upon which relief may be granted.

4.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

5.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on March 12, 2012.

6.      Plaintiff's Motion for Appointment of Counsel (filing no. 7) is denied without prejudice to reassertion.

7.      Because Plaintiff has paid the initial partial filing fee in this matter (*see* Docket Sheet), Plaintiff's Motion for Extension of Time (filing no. 8) and Motion Regarding Filing Fees (filing no. 9) are denied as moot. If Plaintiff has questions regarding the collection of the remaining filing fee installments, he should refer to the court's December 5, 2012, Memorandum and Order.

8.      Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 14th day of February, 2012.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.