IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| NORFOLK REGIONAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Amended Complaint (filing no. 12) and Motion to Appoint Counsel (filing no. 13). On February 14, 2012, the court conducted an initial review of Plaintiff's Complaint and determined that it failed to state a claim for monetary damages against the Norfolk Regional Center ("NRC") and the named individual Defendants in their official capacities. (Filing No. 11 at CM/ECF pp. 3-4.) The court also determined that the Complaint failed to state a Fourteenth Amendment claim related to the tightness of Plaintiff's restraints at NRC. (*Id*. at CM/ECF pp. 4-6.) However, the court gave Plaintiff until March 12, 2012, to file an amended complaint. (*Id*. at CM/ECF p. 7.) On March 12, 2012, Plaintiff filed an Amended Complaint. (Filing No. 12.)

After reviewing Plaintiff's Amended Complaint, the court finds that Plaintiff has alleged sufficient facts to state a Fourteenth Amendment claim related to the tightness of his restraints. For the reasons set forth in the court's February 14, 2012, Memorandum and Order, Plaintiff's monetary damages claims against NRC and the named individual Defendants in their official capacities are dismissed. Plaintiff's remaining claims may proceed to service in accordance with this Memorandum and Order and the court's February 14, 2012, Memorandum and Order.

Also pending is Plaintiff's Motion to Appoint Counsel. (Filing No. 13.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444,

447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (filing no. 13) is denied.

2. Plaintiff's monetary damages claims against the NRC and the named individual Defendants in their official capacities are dismissed.

3. Plaintiff's remaining claims may proceed to service.

4. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SEVEN (7) summons forms and SEVEN (7) USM-285 forms (for service on NRC and the individual Defendants in both their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**August 6, 2012**: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 5th day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.