IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK REGIONAL CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motions to Appoint Counsel (filing nos. 25 and 36), Defendants' Motion to Amend Answer (filing no. 42) and Plaintiff's Motion to Extend (filing no. 43). The court will explore these motions in turn.

## I.  MOTIONS TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (Filing Nos. 25 and 36.) However, in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's requests for the appointment of counsel are therefore denied without prejudice.

## II.  MOTION TO AMEND ANSWER

Defendants filed their Answer in this matter on June 21, 2012. (Filing No. 29.) On August 21, 2012, Defendants moved to amend their Answer. (Filing No. 42.) In cases such as this, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, courts

should allow pleadings to be amended if it is necessary to further justice and will not prejudice the parties.  *See Shen v. Leo A. Daly Co., 222 F.3d 472, 478-79 (8th Cir. 2000)*.

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

*Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)* (internal citations omitted).

Here, Defendants argue that the amendment will not prejudice Plaintiff and would serve to correct factual errors contained in the original Answer.  (Filing No. 42 at CM/ECF p. 2.)  The court has reviewed Defendants' Motion and finds that there is no evidence of bad faith or dilatory motive and that no undue prejudice will result from the amendment.  Accordingly, Defendants' Motion to Amend Answer is granted.

## III.   MOTION TO EXTEND

Plaintiff has filed a Motion to Extend Time because he "is having a hard time going through production of documents."  (Filing No. 43.)  Liberally construed, Plaintiff is requesting an extension of the court's June 28, 2012, progression deadlines.  (*See* Filing No. 31.)  Plaintiff's Motion to Extend is granted and the court will extend the progression deadlines as provided herein.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Motions to Appoint Counsel (filing nos. 25 and 36) are denied.

2.   Defendants' Motion to Amend Answer (filing no. 42) is granted.

3.      Plaintiff's Motion to Extend (filing no. 43) is granted.

4.      Deposition and discovery deadline.  All depositions, whether or not they are intended to be used at trial, shall be completed by **October 4, 2012**.

5.      Motions to compel discovery shall be filed on or before **October 4, 2012**. The parties must comply with the provisions of NECivR 7.0.1 before filing a motion to compel.

6.      Dispositive Motions.  All dispositive motions shall be filed on or before **November 5, 2012**.  The parties must comply with the provisions of NECivR 7.0.1 and NECivR 56.1 when filing summary judgment motions.

7.      Pretrial Conference.

     a.      Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2).  The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order.  The Order should be submitted to the plaintiff and to any other parties by **January 4, 2013**.  The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **January 18, 2013**.  Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **February 1, 2013**.  If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

3

      b.      The Final Pretrial Conference will be held before the Magistrate Judge on **February 7, 2013 at 9:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

      c.      If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

8.     The trial date will be set by the Magistrate Judge at the time of the Final Pretrial Conference.

9.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on February 7, 2013.

DATED this 28th day of August, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.