IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK REGIONAL CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motion to Stay Discovery (filing no. 53) and Plaintiff's Motion to Compel (filing no. 49), Motion to Take Deposition (filing no. 51), and Motions for Default Judgment (filing nos. 56, 57 and 60). The court will address each Motion in turn.

**I.     Defendants' Motion to Stay Discovery**

    Defendants ask the court to stay further discovery in this matter because they have filed a Motion for Summary Judgment that raises the defense of qualified immunity. (*See* Filing Nos. 53 and 65.) Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, including discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–818 (1982). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See *Ballard v. Heineman*, 548 F.3d 1132, 1136–37 (8th Cir. 2008).

    In some cases where a defendant has filed a summary judgment motion based on qualified immunity, courts may allow limited discovery on the issue of qualified immunity. See *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 2008). However, in order

to support a request for limited discovery on the issue of qualified immunity, Plaintiff must indicate that he "cannot present facts essential to justify [his] opposition" to Defendants' Summary Judgment Motion. Fed. R. Civ. P. 56(d); *see also* Ballard, 548 F.3d at 1137.

In this case, Plaintiff has not filed a brief opposing Defendants' Motion to Stay. (*See* Docket Sheet.) Moreover, the other documents in the record do not show that Plaintiff cannot present facts essential to justify his opposition to Defendants' Motion for Summary Judgment. Thus, the court will grant Defendants' Motion to Stay.

## II. Plaintiff's Motion to Compel and Motion to Take Deposition

Because the court has stayed discovery in this matter, Plaintiff's Motion to Compel (filing no. 49) and Motion to Take Deposition (filing no. 51) are denied.

## III. Plaintiff's Motions for Default Judgment

Plaintiff has filed three Motions for Default Judgment that, when liberally construed, argue that Plaintiff is entitled to default judgment because he was never served with Defendants' Amended Answer. (*See* Filing Nos. 56, 57 and 60.) This argument is without merit. Defendants attached a copy of their Amended Answer to their Motion to Amend Answer filed on August 21, 2012. (Filing No. 42-1.) The court granted this motion and Defendants filed their Amended Answer on August 28, 2012. (*See* Filing Nos. 44 and 45.) Plaintiff's Motions for Default Judgment are denied.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Stay Discovery (filing no. 53) is granted.

2.   Plaintiff's Motion to Compel (filing no. 49) and Motion to Take Deposition (filing no. 51) are denied without prejudice to reassertion after the court rules on the pending Motion for Summary Judgment.

3.   Plaintiff's Motions for Default Judgment (filing nos. 56, 57 and 60) are denied.

DATED this 16th day of November, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.